UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW RADKE,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL
WORKERS UNION LOCAL 951,
MARVIN RUSSOW and THOMAS
RADKE,

    Defendants.
_____/

CASE NO. 1:11-cv-745

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on motions to Dismiss filed by Defendants Marvin Russow, United Food and Commercial Workers Union Local No. 951 ("Local 951"), and Thomas Radke. (Dkt. Nos. 6, 10.) For the reasons stated below, Defendants' motions will be granted.

## I.

Plaintiff Matthew Radke was an employee of Local 951 serving as business manager. (Dkt. No. 1 at ¶ 1.) On October 2, 2009, Plaintiff took medical leave, pursuant to the Family and Medical Leave Act (FMLA), as he was suffering from various debilitating symptoms and medical conditions. (*Id*. at ¶ 10.) According to Plaintiff, Local 951 informed him that he had been granted short-term disability effective October 10, 2009, but then terminated him without explanation on November 18, 2009. (*Id*. at ¶¶ 11, 13.)

On November 23, 2009, Plaintiff advised President Russow of Local 951 that he was invoking his right to challenge his termination in arbitration. (*Id.* at ¶ 16.) Two days later, Plaintiff provided Russow with the name and address of his legal counsel. (*Id*. at ¶ 17.) At this point, Plaintiff took no further action. (*Id*. at 18.)

Plaintiff later secured a job at Town and Country Supermarket and thereby became a rank-and-file member of Local 951. (*Id*. at ¶ 19.) As a member, Plaintiff decided to run for the position of president. (*Id*. at ¶ 23.) Plaintiff's brother, Defendant Thomas Radke, allegedly a political ally of President Russow, began to increase the frequency of his union visits at Town and Country Supermarket. (*Id*. at ¶ 20.) Plaintiff alleges that, at Defendant Thomas Radke's direction, excessive amounts of union literature and hand-bills were distributed at the Town and Country Supermarket store in Bellevue, Michigan, purportedly as a means of pressuring the store's management to fire Plaintiff. (*Id*. at ¶¶ 21-22.) Plaintiff was never terminated.

Plaintiff filed the present action alleging that he was terminated by Local 951 in violation of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA") (Count I); that Local 951 terminated him in violation of a just cause employment agreement (Count II); that Defendant Russow tortiously interfered with his employment relationship at Local 951 by terminating Plaintiff (Count III); that all Defendants tortiously interfered with Plaintiff's business expectancy at his subsequent employer Town and Country Supermarket (Count IV); and, that all Defendants infringed on his "candidacy for union office" in

violation of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 412 ("LMRDA") (Count V).

## II.

Defendants Russow and Union 951 move for dismissal of Counts I-III of Plaintiff's complaint under Rule 12(b)(6) on grounds that they are subject to a binding arbitration clause. All defendants move move dismissal of Counts IV and V for failure to state a claim for which relief can be granted.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**III.**

**A. Count IV: Tortious Interference with Business Expectancy**

Count IV of Plaintiff's complaint alleges that Defendants interfered with Plaintiff's business relationship with Town and Country Supermarket by increasing the frequency of union visits and materials distribution at the store.  "The elements of a claim for tortious interference with economic relations are: (i) the existence of a valid business relationship or expectancy; (ii) knowledge of the relationship or expectancy on the part of the defendant; (iii) intentional interference causing or inducing a termination of the relationship or expectancy; and (iv) resultant actual damage." *Lucas v. Monroe County* 203 F.3d 964, 978-79 (6th Cir. 2000); see also *Laurence G. Wolf Capital Mgmt. Trust v.City of Ferndale*, 2009 Mich. App. LEXIS 368, 2009 WL 416785 (Mich. Ct. App. 2009).

The facts alleged in Plaintiff's complaint, taken as true, do not state a plausible claim for tortious interference with a business expectancy.  Plaintiff has alleged that Defendants attempted to interfere with his employment relationship with Town and Country Supermarket by pressuring store management to terminate him.  However, Plaintiff does not allege that he was actually terminated, or that he suffered any other harm.  Indeed, the fact that Plaintiff was able to run for union office (Dkt. No. 1 ¶¶ 23-24) indicates that his employment continued.  Thus, Plaintiff has not plead that the alleged activity "caus[ed] or induc[ed] a termination of [his] relationship or expectancy," nor has he alleged "actual damage." Accordingly, Count IV of Plaintiff's complaint will be dismissed.

**B. Count V: Labor-Management Reporting and Disclosure Act**

Count V of Plaintiff's complaint states that Defendants' alleged use of excessive and intrusive union activities at Town and Country Supermarket was an attempt to disqualify Plaintiff as a candidate for the presidency of Local 951 by causing his termination and loss of union membership. (Dkt. No. 1 at ¶ 47.) Plaintiff believes that this behavior violated his rights as a candidate under the Labor-Managmenet Reporting and Disclosure Act ("LMRDA").

According to his complaint, Plaintiff did not lose union membership, and he did in fact campaign (albeit unsuccessfully) for the position of president. (Dkt. No. 1 at ¶ 23-25) Plaintiff does not seek to overturn the result of the election in question (Dkt. No. 9 at 11); he only seeks a declaration that Defendants' alleged attempt to disqualify him was a violation of his federal rights under LMRDA. (*Id.*; Dkt. No. 1 at ¶ 49(e).)[1] Unfortunately for Plaintiff, his claim for declaratory relief is moot and does not present an actual controversy as required under the Declaratory Judgment Act ("DJA") and Article III of the Constitution.

The DJA is limited to cases of "actual controversy," 28 U.S.C. § 2201(a), reflecting the language and meaning of Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) ("The Declaratory Judgment Act did not (and could not) alter the constitutional definition of 'case or controversy' or relax Article III's command that an

---

[1] Plaintiff is correct that, because he does not seek to challenge the validity of the election, the Title IV post-election procedures of LMRDA requiring that such challenges be filed with the Secretary of Labor do not apply to the present case.

5

Case 1:11-cv-00745-RHB Doc #16 Filed 02/06/12 Page 6 of 10 Page ID#77

actual case or controversy exist before federal courts may adjudicate a question."); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("We have held that the Declaratory Judgment Act extends 'to controversies which are such in the constitutional sense.'"). "The availability of declaratory relief depends on whether there is a live dispute between the parties . . . ." *Powell v. McCormack*, 395 U.S. 486, 517-18 (1969). "'[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune*, 549 U.S. at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Radke's claim in Count V does not present an "actual controversy." Even assuming that Defendants attempted to disqualify him as a candidate, it is clear from the complaint that Plaintiff did in fact campaign to be elected President of the Local 951 (Dkt. No. 1 at ¶ 23) and that he "ultimately lost his presidency bid." (*Id.* at ¶ 25.) Because the election in question proceeded in spite of whatever efforts Defendants may have undertaken to disqualify Plaintiff, there remains no live issue. Declaratory judgment concerning Defendants' alleged attempts to derail Plaintiff's candidacy for an election which has already come and gone will have no discernible impact, and declaratory judgment is not warranted.

**C. Counts I-III: Arbitration of the Employment-Related Claims**

Defendants Russow and Local 951 do not address Counts I-III of Plaintiff's complaint on the merits, but assert that these claims must be dismissed because they are subject to a

6

mandatory arbitration agreement. The Sixth Circuit has instructed courts to "examine[] arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (quoting *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006)).

Plaintiff does not dispute the existence of an arbitration agreement; indeed, Plaintiff's complaint states that his employment agreement with Local 951 "included an agreement to arbitrate any employment dispute." (Dkt. No. 1 at ¶ 15.)[2] Instead, Plaintiff argues that Local 951 has waived its right to arbitration. "A party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Id.* 610 F.3d at 338.

Plaintiff alleges that Local 951 took no action after receiving notice of Plaintiff's

---

[2] With respect to Count III for tortious interference against Defendant Russow, Plaintiff does argue that the arbitration agreement between Plaintiff and Local 951 should not apply. However, the Sixth Circuit has stated that "nonsignatories may be bound to an arbitration agreement under ordinary contract and agency principles." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619 (6th Cir. 2003). Also, by allowing a Plaintiff to "avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as [defendants] in his complaint, or signatory parties in their individual capacities only, the effect of the rule requiring arbitration would, in effect, be nullified." *Arnold v. Arnold Corp.-Printed Commc'n for Bus.*, 920 F.2d 1269, 1281 (6th Cir. 1990). It is clear from the pleadings that the arbitration provision in Plaintiff's employment agreement is broad, and that Defendant Russow "is and was, at all relevant times, a union official and president of Local 951." (Dkt. No. 1 at ¶ 1.) Accordingly, Count III is included in the Court's consideration of Defendant's arbitration argument.

intent to arbitrate his termination, and that this failure constitutes waiver. For support, Plaintiff references cases holding that a lengthy delay in asserting a right to arbitrate can constitute waiver. (Dkt. No. 9 at 6-8); *See OJ Distrib. v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003); *Gen. Star Nat. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002). However, the cases cited by Plaintiff involve parties who actively litigated for substantial periods before asserting a contractual right to arbitration.

In the present case, Defendants Russow and Local 951 filed a timely motion to dismiss Counts I-III of Plaintiff's complaint on the grounds that those claims are subject to an arbitration agreement. No additional litigation has occurred. Even if, as Plaintiff contends, the initiative for commencing arbitration in the wake of his termination laid with Defendants,[3] Defendants' failure to initiate arbitration would not constitute waiver. Plaintiff can simply petition this Court to compel arbitration under 9 U.S.C. § 4.[4] Plaintiff's attempt to litigate the merits of his employment-related claims in federal court rather than seek an order compelling arbitration does not invalidate the arbitration clause, and Defendants' contractual right to resolve Plaintiff's employment-related claims in arbitration has not been waived.

---

[3] Defendants argue that, as the Claimant, Plaintiff had the responsibility for initiating arbitration under the American Arbitration Association ("AAA") Rules for the Resolution of Employment Disputes. (Dkt. No. 13 at 2.)

[4] Plaintiff's reliance on 9 U.S.C. § 4 in Part I.B of his response brief (Dkt. No. 9 at 6) to support his position that the Court must proceed to trial on his employment-related claims is misleading. Section 4 deals with petitions to compel arbitration; it instructs courts to proceed to trial when the validity of a petition to compel arbitration is at issue. The statute has no application to underlying substantive claims, nor is it intended to foster avoidance of arbitration in favor of trial on the merits in federal court.

Having determined that Plaintiff's employment-related claims are arbitrable, the Court must decide whether dismissal is appropriate. As previously discussed in this district:

> Upon finding the arbitration agreement to be valid and enforceable, the Court must determine whether the Complaint should be dismissed or arbitration should be compelled. The FAA directs the Court to stay an action pending arbitration; however, the Court's ability to dismiss a case is not limited when all issues raised in the complaint are arbitrable. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir.2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable") (citation omitted); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir.2000); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 & n. 21 (1st Cir.1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988); *Gassner v. Jay Wolfe Toyota*, No. 4:06-CV-1335 CAS, 2007 WL 1452240, at *3 (E.D.Mo. May 15, 2007) ("Where all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action."). Based on applicable caselaw, the Court concludes that dismissal of Plaintiff's Complaint is the appropriate remedy because all of Plaintiff's claims are arbitrable. The Court can discern no purpose for retaining jurisdiction and staying the action.

*Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 751-52 (W.D. Mich. 2008). Although Plaintiff's complaint includes claims not subject to arbitration (Counts IV-V), those claims will be dismissed for the reasons discussed in Parts A-B *supra*. Thus, only Plaintiff's arbitrable claims remain, rendering the present case indistinguishable from *Moore*. Accordingly, Plaintiff's employment-related claims (Counts I-III) against Defendants Russow and Local 951 will be dismissed.

## IV.

Counts IV and V of Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. Counts I-III will also be dismissed under Rule 12(b)(6) because they are subject to a valid arbitration agreement. An order consistent with this opinion will be entered.


Dated: February 6, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE